Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy Stark, | ) Case No. 3:20-cv-2898 |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| TrueAccord Corp. and LVNV Funding, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1.      Plaintiff Jeremy Stark ("Plaintiff") brings this action against Defendants TrueAccord Corp. ("TrueAccord") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress

has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.    Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.    Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.    "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'"  *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

9.    Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.    "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled."  *Tourgeman*, 755 F.3d at 1117 (emphasis in original).

11.    "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk."  *Clark*, 460 F.3d at 1171-72.

## PARTIES

12.     Plaintiff is a natural person allegedly obligated to pay a debt.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.     TrueAccord is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     TrueAccord is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16.     LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.     Plaintiff's alleged obligation arises from a credit transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card account (the "Debt").

19.     TrueAccord uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

20.     TrueAccord regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.  LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

22.  LVNV acquires defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

23.  The principal purpose of LVNV's business is debt collection.

24.  LVNV has no other substantial business purpose except to purchase debt and profit from collected debts.

25.  LVNV acquired the Debt after it was alleged to be in default.

26.  At all relevant times, TrueAccord acted on behalf of LVNV to collect or attempt to collect the Debt from Plaintiff.

27.  In connection with the collection of the Debt, TrueAccord sent Plaintiff initial written communication via email on December 17, 2019.

28.  A true and correct copy of TrueAccord's December 17, 2019 email is attached as Exhibit A.

29.  TrueAccord's December 17, 2019 email included the statement of notices required in an initial communication under 15 U.S.C. § 1692g(a). Exhibit A at 3.

30.  After the statement of notices, Defendant lists its mailing address—16011 College Blvd., Suite 130, Lenexa, KS 66219 (the "Address"). *Id.*

31.  Plaintiff sent TrueAccord a timely dispute letter dated January 10, 2020, via certified mail.

32.  A true and correct copy of Plaintiff's January 10, 2020 dispute letter and certified mail receipt is attached as Exhibit B.

33.    Plaintiff's dispute was properly addressed to TrueAccord's Address. *Compare* Exhibit A at 3, *with* Exhibit B at 3.

34.    Plaintiff, or the least sophisticated consumer, would reasonably believe that sending his dispute letter to the Address would be received by TrueAccord.

35.    Plaintiff spent additional time and money to send the dispute via certified mail.

36.    Plaintiff used certified mail to ensure that TrueAccord received his dispute.

37.    When certified mail is sent, it can be tracked online.

38.    According to the tracking history, Plaintiff's dispute letter was delivered to the Address on January 21, 2020.

39.    A true and correct copy of the tracking history evidencing that Plaintiff's dispute letter was delivered to the Address on January 21, 2020 is attached as Exhibit C.

40.    Upon checking the tracking history, Plaintiff, or the least sophisticated consumer, would reasonably assume that TrueAccord had received his timely written dispute letter.

41.    Upon confirmation that his timely written dispute letter was delivered to the Address, Plaintiff, or the least sophisticated consumer, would reasonably expect that TrueAccord would obtain verification of the Debt and send him a copy of it.

42.    Despite receiving Plaintiff's January 10, 2020 dispute letter, TrueAccord continued its efforts to collect the Debt without first verifying the Debt.

43.     In connection with the collection of the Debt, TrueAccord sent Plaintiff three subsequent emails on January 26, 2020, January 29, 2020, and February 1, 2020 (collectively, the "Collection Emails").

44.     A true and correct copy of the Collection Emails are attached as Exhibit D.

45.     Each Collection Email continued to inform Plaintiff of the balance of the Debt and solicited payment.

46.     At no point after receiving Plaintiff's dispute letter did TrueAccord send Plaintiff verification of the Debt.

47.     Upon information and belief, an individual by the name of Bridget Terrell accepted delivery of Plaintiff's dispute letter on behalf of TrueAccord.

48.     Upon information and belief, TrueAccord permitted Ms. Terrell to accept mail on its behalf.

49.     In the alternative, if TrueAccord did not permit Ms. Terrell to accept mail on its behalf, TrueAccord failed to adequately monitor mail received at the Address.

50.     Upon information and belief, TrueAccord is aware of the right of a consumer to dispute debts as provided by the FDCPA.

51.     Upon information and belief, TrueAccord is aware that the least sophisticated consumer may assume that a dispute letter mailed to the Address would be received by TrueAccord.

52.     Therefore, by providing consumers with a mailing address that it does not adequately monitor, TrueAccord's December 17, 2019 email misleadingly implies that dispute letters sent to the Address will be received.

53.    TrueAccord's failure to adequately monitor mail received at the Address is unfair to the least sophisticated consumer who believes sending mail to the Address is a sufficient method of communicating with TrueAccord.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)
## TRUEACCORD

54.    Plaintiff repeats and re-alleges each factual allegation contained above.

55.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

56.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

57.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

58.    "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th

Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

59.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

60.    If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

61.    "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

62.    TrueAccord violated 15 U.S.C. § 1692g(b) by, after having received a timely written communication from Plaintiff disputing the Debt, continuing collection without having first obtained and mailed Plaintiff verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that TrueAccord violated 15 U.S.C. § 1692g(b);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)
## LVNV

63.    Plaintiff repeats and re-alleges each factual allegation contained above.

64.    TrueAccord violated 15 U.S.C. § 1692g(b) by, after having received a timely written communication from Plaintiff disputing the Debt, continuing collection without having first obtained and mailed Plaintiff verification of the Debt.

65.    LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of TrueAccord—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that LVNV violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## TRUEACCORD

66.   Plaintiff repeats and re-alleges each factual allegation contained above.

67.   The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

68.   "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006)).

69.     TrueAccord is aware of the right of a consumer to dispute debts as provided by the FDCPA.

70.     TrueAccord is aware that the least sophisticated consumer may assume that a dispute letter mailed to the Address would be received by TrueAccord.

71.     However, TrueAccord does not adequately monitor mail received at the Address.

72.     By providing consumers with a mailing address that it does not adequately monitor, TrueAccord's December 17, 2019 email misleadingly implies that dispute letters sent to the Address will be received in violation of 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that TrueAccord violated 15 U.S.C. § 1692e;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e**
**LVNV**

73.     Plaintiff repeats and re-alleges each factual allegation contained above.

74.     By providing consumers with a mailing address that it does not adequately monitor, TrueAccord's December 17, 2019 email misleadingly implies that dispute letters sent to the Address will be received in violation of 15 U.S.C. § 1692e.

75.     LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of TrueAccord—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that LVNV violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692f**
**TRUEACCORD**

76.     Plaintiff repeats and re-alleges each factual allegation contained above.

77.     The FDCPA prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

78.     In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

79.     TrueAccord's failure to adequately monitor mail received at the Address is unfair to the least sophisticated consumer who believes that mail sent to the Address will be received by TrueAccord.

80.     Therefore, TrueAccord's practice of not adequately monitoring mail is unfair and unconscionable in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692f**
**LVNV**

81.    Plaintiff repeats and re-alleges each factual allegation contained above.

82.    TrueAccord's practice of not adequately monitoring mail is unfair and unconscionable in violation of 15 U.S.C. § 1692f.

83.    LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of TrueAccord—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that LVNV violated 15 U.S.C. § 1692f;

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f)  Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

84.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 28, 2020

                       Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff